**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-10489 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00479-CRB-1 |
| v. | |
| WILLIE CLIFTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 12, 2018[**]
San Francisco, California

Before:  HAWKINS, BEA, and N.R. SMITH, Circuit Judges.

Willie Clifton ("Clifton") appeals his conviction for unlawful possession of a

firearm in violation of 18 U.S.C. § 922(g)(1).  On appeal, Clifton argues that the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court erred when it denied his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Officer Venzon properly searched Clifton incident to his arrest. An arrest occurs when, considering the "totality of the circumstances," a reasonable person would have believed he or she was not free to leave after brief questioning. *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996); *see United States v. Guzman–Padilla*, 573 F.3d 865, 884 (9th Cir. 2009). After learning that Clifton's license was suspended, Officer Venzon ordered Clifton out of the car and handcuffed him almost immediately, explaining that he was under arrest. Once handcuffed, a reasonable person in Clifton's circumstances would have believed "indefinite custodial detention [was] inevitable." *Guzman–Padilla*, 573 F.3d at 884 (citing *Kraus v. Pierce Cty.*, 793 F.2d 1105, 1109 (9th Cir. 1986)). The search that followed was therefore lawful. *See United States v. Edwards*, 415 U.S. 800, 802 (1974).

That is so even if Clifton was not arrested until after the search. A search incident to arrest need not precede the arrest; rather, the critical inquiry "is whether the search is 'roughly contemporaneous with the arrest.'" *United States v. Smith*, 389

---

[1] The denial of a motion to suppress is reviewed de novo, but the factual findings underlying the district court's decision are reviewed for clear error. *United States v. McTiernan*, 695 F.3d 882, 887 (9th Cir. 2012) (citing *United States v. Caseres*, 533 F.3d 1064, 1067 (9th Cir. 2008)).

F.3d 944, 951 (9th Cir. 2004) (quoting *United States v. McLaughlin*, 170 F.3d 889, 892 (9th Cir. 1999)). Here, the arrest and search were not "so separated in time or by intervening acts that the latter cannot be said to have been incident to the former." *Id.* (quoting *McLaughlin*, 170 F.3d at 893). Thus, the motion to suppress was properly denied.

**AFFIRMED.**